**UNITED STATES v. RUSSELL et al.**
No. 7687.

District Court, S. D. Alabama.
June 24, 1930.

Alex C. Birch, U. S. Atty., and D. R. Coley, Jr., Asst. U. S. Atty., both of Mobile, Ala.

Robert T. Ervin, Jr., and Jere Austill, both of Mobile, Ala., for defendants.

ERVIN, District Judge.

The indictment charged a conspiracy, and in this case it was shown that one party to the alleged conspiracy was engaged in selling whisky on the east side of Mobile river, opposite the city; that another operated a launch, and frequently bought whisky from him and charged the others $2 a gallon extra for bringing the whisky across the river and delivering it to such two, who sold it at retail, each fixing his own price and retaining all of such price. There was no evidence showing that any one of such law violators aided or assisted any other one, or agreed to do so, and there was no division of profits, nor was there any agreement that the whisky should be bought from any one. At the conclusion of the evidence a motion was made to dismiss the case because no conspiracy was shown.

A criminal conspiracy may be briefly described as an agreement express or implied between two or more people to do an illegal act, or to do a legal act in an illegal manner. This necessarily implies that the two or more conspirators shall collaborate in the doing of such act. The knowledge by one that another is doing, or contemplates the doing of, such act, without any aid or assistance by such one in the doing of the act, does not make him a coconspirator. Nor does the fact that a number of people, each of whom is engaged in illegal acts, and is so known to be by each of the others, become coconspirators, unless some aid or assistance be given by one to another in the illegal act done by such other. It is not a community of crime by several that makes them conspirators, but a community of interest in some crime. Many men may be engaged in committing the same sort of crime, each knowing that the others were so engaged, without becoming conspirators. They may come in contact one with another in an act where such act is not itself a crime on the part of each, without becoming conspirators.

To illustrate, the buyer of intoxicating liquor commits no crime, although the seller does. Now, the fact that the seller knows that the buyer intends to resell such liquor would not make the seller guilty of a conspiracy with the buyer, unless such seller do some act aiding the buyer to make sales or participate in some way in the proceeds of such sales.

Several men may be engaged in doing acts each of which is an offense against the law, and may come into contact one with the other without becoming conspirators, if no one does, or agrees to do, anything in aid of the offense committed by such other. For instance, as in the instant case, one may sell liquor to another, who transports it to a third and sells it to him, and such third retails such liquor. In such a case, the fact that it would probably take slight evidence to authorize a jury to find an agreement or understanding of one to aid the other does not affect the proposition. The very fact that such slight evidence of collaboration was necessary shows that in its absence a conspiracy is not shown.

The motion is granted.