UNITED STATES of America, Plaintiff-Appellee,

v.

Willard FORD, Defendant-Appellant.

No. 14163.

United States Court of Appeals Seventh Circuit.

Nov. 21, 1963.

provisions of 18 United States Code § 2315, by unlawfully receiving, concealing, selling, bartering, or disposing of jewelry valued in excess of five thousand dollars moving as a part of interstate commerce from St. Louis, Missouri, to Collinsville, Illinois, knowing the same to have been stolen.

Defendant contends that the evidence was insufficient to support his conviction, and that the district court erred in instructing the jury, and in permitting a witness to state a narration by one of the conspirators of alleged past events concerning Ford. Consideration of these contentions requires a summarization of the facts.

On the evening of June 8, 1962, Donald Patterson burglarized the A & L Dunn Mercantile and Loan Company in St. Louis, taking a large quantity of jewelry consisting of over two hundred rings and watches of the value of $19,700. That same night he met Judith Heitman, a prostitute, who took him to the residence in Collinsville of James J. Allison, one of the alleged conspirators, and at whose home the girl lived when she was not working. Allison purchased all the jewelry for $400. The burglar had no further contact with Allison.

Judith Heitman testified that she was present at the Allison home on the evening of June 9, 1962, when Allison attempted to sell the jewelry to several people; that Ford was there and took approximately eighteen men's rings and some watches to have them appraised; and that Ford returned the jewelry but purchased a woman's wristwatch for $80.

Edward LeCompte, another member of the group at Allison's home that evening, testified that he saw Ford give Allison $80 but did not see him take any jewelry.

Latona Kouretas testified that Ford was at the Allison home on June 9; that Ford looked at the jewelry, particularly at a diamond watch, and talked to Allison about the price. She did not remember, however, whether they reached any agreement.

Robert H. Rice, E. St. Louis, Ill., for appellant.

Carl W. Feickert, U. S. Atty., Robert Quinn, E. St. Louis, Ill., for appellee.

Before SCHNACKENBERG, SWYGERT and MAJOR, Circuit Judges.

SWYGERT, Circuit Judge.

Defendant, Willard Ford, appeals from a judgment sentencing him to a term of imprisonment. He was convicted by a jury on an indictment charging him and two others, James J. Allison and Betty Drake, with conspiring[1] to violate the

1. 18 U.S.C. § 371.

**952**

Thomas J. Baugh, a named but not-indicted co-conspirator, testified that he was at Allison's home that evening but did not recall seeing Ford there.

Government counsel asked Baugh whether Allison told him to whom he had sold the jewelry. The defendant objected. The trial judge ruled, "It may be received as to defendant Allison, alone, and not as to the other defendants." After the witness had answered a subsequent question by saying, "But he [Allison] did tell me he gave Mr. Ford a lot of jewelry to sell to a jeweler," Ford's counsel again requested the jury be admonished that this evidence should not be received as to the defendant. The trial judge responded, "Overruled." The witness continued, "Then he [Allison] said Mr. Ford couldn't sell it and brought it back to him and that Mr. Ford had bought two watches for his wife, Norma."

■ We are in doubt whether the trial judge meant to deny the request to repeat the admonition to the jury or lift the limitation of Baugh's narration of Allison's statement so as to make it applicable to the question of the guilt of Ford as well as that of Allison. Be that as it may, we are satisfied that it was error to admit Allison's statement to Baugh without such limitation since there was no showing that the statement was made during the course of the alleged conspiracy, Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429 (1892), or that it was made by Allison in Ford's presence, Sparf & Hansen v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895).

For these reasons, we disregard Baugh's narration of Allison's statement in our consideration of the evidence that may bear on Ford's involvement in the alleged conspiracy.

■ We are aware that it is for the jury, not the court, to determine the credibility of the witnesses and to weigh their testimony in light of all the evidence. This court will, however, look to see if there is substantial evidence to support the verdict.

■ ■ Proof of a formal agreement between conspirators is unnecessary and usually unattainable. An agreement may be proven entirely by circumstantial evidence. The agreement may be shown if there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose. Marino v. United States, 91 F.2d 691, 113 A.L.R. 975 (9th Cir. 1937). But a defendant must join in an illegal scheme, design, or agreement to be guilty of a violation of the federal conspiracy statute.

■ Taking all the admissible evidence in the light most favorable to the government, we think it is insufficient to prove a concerted agreement, that is, a conspiracy between Ford and any of the alleged co-conspirators.

It is undisputed that there was a meeting at Allison's home on the evening of June 9. We agree with the government's contention that it would be most improbable that those present did not know that the jewelry was stolen; but we are not convinced that either inspecting the stolen jewelry or asking its price establishes the conspiracy.

More pertinent, we hold that Ford's actual purchase of one of the watches did not involve him in a conspiracy with Allison and Drake. The relationship of buyer and seller absent any prior or contemporaneous understanding beyond the mere sales agreement does not prove a conspiracy to sell, receive, barter or dispose of stolen property although both parties know of the stolen character of the goods. In such circumstance, the buyer's purpose is to buy; the seller's purpose is to sell. There is no joint objective.

In a rather closely analogous situation, involving the illegal sale of narcotics, the court in United States v. Koch, 113 F.2d 982, 983 (2d Cir. 1940), said:

The purchase of the cocaine from Mauro was not enough to prove a conspiracy in which Mauro and the appellant participated. They had no agreement to advance any joint in-

terest. The appellant bought at a stated price and was under no obligation to Mauro except to pay him that price. The purchase alone was insufficient to prove the appellant a conspirator with Mauro and those who were his co-conspirators.

Moreover, our view is supported by Judge Learned Hand's opinion in United States v. Zeuli, 137 F.2d 845 (2d Cir. 1943). See also, United States v. Russell, 41 F.2d 852 (S. D. Ala. 1930).

It might appear that this court's decision in Wilkerson v. United States, 41 F.2d 654 (7th Cir. 1930), is contrary to our ruling. In that case the defendant Wilkerson was convicted of conspiring with others to sell, receive, and dispose of automobiles moving in interstate commerce, knowing the same to have been stolen. Wilkerson's activity was confined to the purchase of an automobile from a member of the group involved in the scheme to steal and sell automobiles.

The question in the instant case, however, was neither raised on appeal nor ruled upon by this court in Wilkerson. The case turned on whether the defendant at the time he purchased the automobile knew that it was a stolen vehicle which had been transported in interstate commerce. The briefs filed in that appeal did not discuss the question now before us. This court, ruling on the issues presented by the briefs, held *sub silentio* that the evidence was sufficient to warrant a finding that Wilkerson was a conspirator. Accordingly, we do not think our earlier decision conflicts with our present ruling.

Since we hold that the evidence is insufficient to establish defendant's guilt, it is unnecessary to consider the remaining contention that the district court erred in failing to give certain requested instructions.

The judgment of conviction of defendant is reversed.