**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Lawrence BRAICO and Ronald Routa,**
**Defendants-Appellants.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Fred DeMAIO, Defendant-Appellant.**

**Nos. 17298, 17364.**

United States Court of Appeals
Seventh Circuit.

Jan. 14, 1970.

Rehearing En Banc in No. 17298 Denied
Feb. 19, 1970.

Rehearing En Banc in No. 17364 Denied
March 27, 1970.

Certiorari Denied May 18, 1970.
See 90 S.Ct. 1712.

Julius Lucius Echeles, Martin S. Gerber, Ronald Alwin, Chicago, Ill., for defendants-appellants.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before KNOCH, Senior Circuit Judge, KERNER, Circuit Judge, and GORDON, District Judge.

MYRON L. GORDON, District Judge.[1]

This is an appeal from convictions entered against the three appellants. The charges stem from the sale in Chicago of goods stolen in Iowa.

Two of the appellants, Mr. Braico and Mr. Routa, were convicted of violating 18 U.S.C. § 2315 by receiving stolen property; the third appellant, Mr. DeMaio, was convicted of the same crime, but he was charged in a separate count of the indictment. In addition, all of the appellants, together with Mr. Fernandez, a seller of the stolen property, were convicted of violating 18 U.S.C. § 371, by conspiring to violate § 2315.

The appellants contend that the conspiracy was not properly charged or proved. While it is not denied that Mr. Braico and Mr. Routa were properly joined as defendants, it is urged that the joinder of those two with Mr. DeMaio was error. The appellants contend that this alleged misjoinder prejudiced each of them.

## I. THE CONSPIRACY COUNT

■ The evidence showed that on August 2, 1967, two men, Mr. Fernandez and Mr. Garland, robbed a jewelry store in Bettendorf, Iowa. Afterward, they went to Chicago where they sought a buyer for the stolen goods. Mr. DeMaio bought approximately one-third of the goods for $2200; he offered to pay $3500 for the rest, but this offer was declined.

They then contacted the defendants, Mr. Braico and Mr. Routa, and offered to sell them the remaining goods for $4500. After Mr. Braico and Mr. Routa had made inquiries among acquaintances to whom they might resell the goods, they advised Mr. Fernandez and Mr. Garland that it would be difficult to resell the goods if they paid $4500 because "Johnny Diamond" (who was identified at the trial as Mr. DeMaio) had "put out the word" that he could get the re-

maining goods for $3500. However, after further bargaining, they purchased the goods for $4500.

No evidence was adduced at the trial as to any agreement existing at any time among all three of the appellants. No evidence was adduced that any of the three had had any understanding with Mr. Fernandez or with Mr. Garland prior to or contemporaneous with the robbery. These were unrelated purchases of the stolen goods by the appellants, and such transactions do not reflect a conspiracy in the absence of proof of an agreement as to this transaction or as to some other concert of action. United States v. Ford, 324 F.2d 950, 952 (7th Cir. 1963).

In United States v. Varelli, 407 F.2d 735, 748 (7th Cir. 1969), Judge Kerner, writing for this court, observed that certain named defendants

"* * * were all involved with the *distribution* of merchandise stolen in interstate commerce. None of these parties were involved with the *theft* of either the Polaroid equipment or the silver shipments. The relation of buyer and seller even with knowledge of the character of the goods being sold is insufficient to make the buyer a conspirator."

Because it is clear that no conspiracy was proved, we need not consider the alternative contention of the appellants that the indictment did not properly charge a conspiracy.

The government does not seriously challenge the appellants' contention that there was inadequate proof to support the conspiracy conviction. However, the government urges that the absence of proof as to a conspiracy does not require reversal of the convictions upon the substantive counts of the indictment.

## II. THE SUBSTANTIVE COUNTS

■ The appellants point to a number of rulings made by the trial court in connection with the receipt of evidence,

---

[1]. The writer of this opinion is sitting by designation from the district court for the Eastern District of Wisconsin.

which, it is claimed, constituted prejudicial error because of the total absence of proof to support the conspiracy count. We have carefully examined each of these specific instances and conclude that the joinder of Mr. DeMaio with Mr. Braico and Mr. Routa was not prejudicial to any of them, notwithstanding the want of evidence regarding a conspiracy.

In *Varelli*, cited above, this court observed, at p. 748, that even when a conspiracy had not been proved, it is possible to affirm convictions on the substantive counts "where the evidence is overwhelming". Our examination of the present record persuades us that the evidence as to each defendant's guilt was unusually clear; we believe that the jury was not confused by the existence of the conspiracy count or by the presentation of the proof in a joint trial. See Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) and United States v. Levi, 177 F.2d 827 (7th Cir. 1949), mod. 177 F.2d 833 (7th Cir. 1949). Cf. United States v. Reed, 376 F.2d 226 (7th Cir. 1967).

### III. THE GRAND JURY PROCEEDINGS

The appellants ask the court to reverse the convictions on the ground that only hearsay evidence was considered by the grand jury. Appellants draw this conclusion from the fact that each of the government witnesses who testified at the trial responded negatively when asked whether he had appeared before the grand jury which returned this indictment.

The appellants charge that only hearsay evidence was offered to the grand jury in order that the prosecution could avoid its obligations under United States v. Amabile, 395 F.2d 47 (7th Cir. 1968); in that ruling this court noted that a de-

fendant is entitled to examine the grand jury testimony of a witness at the trial in order to attempt to impeach such witness. See United States v. Borelli, 336 F.2d 376, 391 (2d Cir. 1964).

In our opinion, the record does not establish the accuracy of the appellants' charge that only hearsay evidence was presented to the grand jury. However, even if that contention were correct, we note that the appellants do not suggest that there was an absence of probable cause before the grand jury. The law permits probable cause to be based on hearsay evidence. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Sternback, 402 F.2d 353, 356-7 (7th Cir. 1968).

We are mindful of the judicial expressions emanating from the second circuit which are critical of the practice of presenting only hearsay evidence before a grand jury when better evidence is available. See, for example, United States v. Arcuri, 405 F.2d 691 (2d Cir. 1968). The prosecutor in the appeal before this court has asserted that, as a matter of policy, primary evidence is not withheld from the grand jury. In our opinion, the record does not establish that an abuse occurred in the case at bar.

### IV. CONCLUSION

In view of the absence of proof establishing the existence of a conspiracy, the conviction of count I of the indictment is reversed as to all appellants. The conviction of the defendant, Fred DeMaio, on the substantive count numbered III of the indictment is affirmed, and the conviction of the defendants, Lawrence Braico and Ronald Routa, on the substantive numbered count IV of the indictment is affirmed.