The UNITED STATES

v.

Robert Michael **WILSON** et al.

Crim. No. 72–0341–Y.

United States District Court,
D. Maryland.

March 21, 1973.

Joseph Kiel, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Kirk Y. Griffin, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Defendant, John Calise, Jr., challenges individually the sufficiency of count one of this conspiracy indictment. The charge, under 18 U.S.C. § 371, essentially, is that he and three co-defendants wilfully conspired, confederated and agreed with each other, from on or about June 1, 1970 to the date of the indictment, June 21, 1972, in the District of Maryland and elsewhere, to commit the following federal offenses:

a. to transport goods worth $5,000 or more in interstate commerce, knowing the same to have been stolen, 18 U.S.C. § 2314, and

b. to receive and conceal goods worth $5,000 or more, which were moving as interstate commerce, knowing the same to have been stolen. 18 U.S.C. § 2315.

The count further describes the solicitation and execution of a particular robbery and transportation of stolen goods in interstate commerce for sale. It lists four overt acts surrounding this robbery: the robbery, itself, and three conversations, two prior and one subsequent thereto, the latter including defendant Calise.

■ Upon a motion to dismiss a conspiracy indictment, the inquiry is whether the charge includes the three elements of the crime: an agreement, the unlawful object, and an overt act. United States v. Brandom, 273 F.Supp. 253 (E.D.Wis.1967); United States v. Gilboy, 160 F.Supp. 442 (M.D.Pa.1958). All are present in this indictment, which adequately informs the defendant of the charge and enables him to prepare his defense.

■ The defendant's contention that the indictment is defective for failure to state the "knowledge" of interstate commerce prerequisite to 18 U.S.C. §§ 2314 and 2315, is answered by stating it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy. There need only be sufficient description to identify the offense which the defendants conspired to commit. Stein v. United States, 313 F.2d 518 (9th Cir. 1962); United States v. Knox Coal Company, 347 F.2d 33 (3rd Cir. 1965); Brown v. United States, 403 F.2d 489 (5th Cir. 1968); James v. United States, 416 F.2d 467 (5th Cir. 1969); Hanks v. United States, 97 F.2d 309 (4th Cir. 1938); United States v. Cullen, 305 F. Supp. 695 (E.D.Wis.1969). Conspiracy is the gist of the offense; it implies knowledge. Cf. Nicolopoulos v. United States, 332 F.2d 247 (1st Cir. 1964). The indictment further informs Calise when, where and how long the conspiracy existed, and defines his role as the purchaser of stolen goods with reference to a particular robbery, amplified by four overt acts.

■■ To the argument that the indictment is duplicitous, charging multiple conspiracies, the answer is that the gist of the offense charged is a single conspiracy. A conspiracy count may allege a unique combination to commit multiple offenses. United States v. Knox Coal Co., *supra*, United States v. Addonizio, 451 F.2d 49 (3rd Cir. 1972). The offenses under 18 U.S.C. §§ 2314 and 2315, are, in this context, related acts, the objects of a *single* comprehensive conspiracy. See Frankfort Distilleries v. United States, 144 F.2d 824 (10th Cir. 1944), reversed on other grounds, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564 (1945).

■ The charge of a *single* conspiracy also leads to the conclusion that jurisdiction and venue are proper. A single conspiracy may be prosecuted at the place where it was formed, or where any overt act took place. United States v. Boswell, 372 F.2d 781 (4th Cir. 1967); United States v. Luros, 243 F.Supp. 160 (N.D.Iowa, W.D.1965). Since three of the four overt acts are alleged to have occurred in Maryland, there is no defect.

■ Finally, defendant Calise argues that proof of a prior or contemporaneous agreement, in addition to the purchase agreement, is prerequisite to the conspiracy conviction of a purchaser of stolen goods. This argument should be directed to the sufficiency of the evidence presented at trial, not the indictment. See United States v. Ford, 324 F.2d 950 (7th Cir. 1963); United States v. Skillman, 442 F.2d 542 (8th Cir. 1971); United States v. Braico, 422 F.2d 543 (7th Cir. 1970); Cf. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940).

For the above reasons, it is this 21st day of March 1973, by the United States District Court for the District of Maryland

Ordered that the motion to dismiss the indictment filed by defendant Calise be, and the same is hereby, denied.