UNITED STATES of America, Appellee,

v.

Alfred PINCIONE, Appellant.

No. 77–5112.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 5, 1977.

Decided Nov. 16, 1977.

Samuel Petkovich (Court-appointed—CJA), Warren, Ohio, for appellant.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Rebekah J. Poston, Special

---

4. UCC 2–714.

5. UCC 2–607.

6. UCC 2–314.

Atty., U. S. Dept. of Justice, Organized Crime and Racketeering Section, Cleveland, Ohio, and Mervyn Hamburg, c/o T. George Gilinsky, Washington, D. C., for appellee.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

PER CURIAM.

Alfred Pincione, the appellant in the present case, and Ann Marie Maselli were convicted in a joint trial of violations of the Travel Act, 18 U.S.C. § 1952, and the Mann Act, 18 U.S.C. § 2421.

The charge of the district court to the jury contained the following language:

> Each witness is presumed to speak the truth; however, if you find the presumption of truthfulness to be outweighed as to any witness, you will give the testimony of that witness such credibility, if any, as you may think it merits.

Counsel for Maselli specifically objected to this charge. Counsel for Pincione objected generally, stating: "I incorporate all the objections made by other defense counsel."

On the separate appeal of Maselli, this court held that the foregoing charge, to which a timely objection was made, was reversible error and remanded the case for a new trial. *United States v. Maselli*, 534 F.2d 1197 (6th Cir. 1976).

In *Maselli*, we recognized that the above-quoted charge was not plain error, and that reversal would not be required in the absence of a timely objection. This holding was reiterated in *United States v. LaRiche*, 549 F.2d 1088, 1093 (6th Cir. 1977), *cert. denied*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

The Government contends that the general objection made by counsel for appellant in the present case is not sufficient to meet the requirements of *Maselli*. We disagree. *Freije v. United States*, 386 F.2d 408, 411 (1st Cir. 1967), *cert. denied*, 396 U.S. 859, 90 S.Ct. 129, 24 L.Ed.2d 111 (1969); *United States v. Lefkowitz*, 284 F.2d 310, 312–13 (2d Cir. 1960).

The judgment of conviction is reversed and the case is remanded to the district court for a new trial.