**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel HYMAN, Defendant-Appellant.**

No. 83–2474.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1984.

Decided July 26, 1984.

Evan Spangler, Asst. U.S. Atty., R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Patrick A. Tuite, Chicago, Ill., for defendant-appellant.

Before CUDAHY and COFFEY, Circuit Judges, and GIBSON, Senior Circuit Judge.*

FLOYD R. GIBSON, Senior Circuit Judge.

The defendant, Sam Hyman, appeals from a criminal conviction for: conspiracy to receive, possess, dispose of, and transport in interstate commerce goods stolen from interstate commerce;[1] possession of goods stolen from interstate shipments;[2] and the interstate transport of stolen goods.[3]

I. Facts.

■ At the threshold we note that a jury verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Xheka,* 704 F.2d 974, 976 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 486, 78 L.Ed.2d 682 (1983). Thus, only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn a verdict. *United States v. Redwine,* 715 F.2d 315, 319 (7th Cir.1983), *quoting, Brandom v. United States,* 431 F.2d 1391, 1400 (7th Cir.1970), *cert. denied sub nom., Gilboy v. United States,* 400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 2634 (1971).

Hyman, the defendant was a semi-retired, self-employed individual who had made a living by buying and reselling plate and flat-rolled steel. William Kramer was an individual who had been involved in the theft and sale of steel and, in May of 1982, became a paid informant for the FBI. Unbeknownst to the FBI, Kramer continued to deal illicitly in the black market. The transaction at issue here was one of Kramer's personal deals, of which the FBI later became aware.

Kramer contacted the defendant on June 28, 1982, to see if the defendant was interested in buying three coils of galvanized steel. The steel had been stolen by two men, Havard and Alfonsi, and was stored in a public warehouse in Indiana. The defendant and Kramer negotiated and agreed on a price. The defendant then made several calls in an attempt to resell the steel. He found a willing buyer in Kenneth Messenger, of Century Steel Co., in Chicago Heights, Illinois. The defendant contacted a shipping company and arranged to have

---

* The Honorable Floyd R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, is sitting by designation.

1. 18 U.S.C. § 371.

2. 18 U.S.C. § 659.

3. 18 U.S.C. § 2314.

the steel transported from the warehouse in Indiana to the buyer in Illinois.

When the shipment arrived at Century Steel, Messenger phoned the defendant to inform him that Messenger was going to reject the steel because it was not as it had been represented. After considerable persuasion by the defendant, Messenger agreed to keep the steel, but at a substantially lower price. The defendant then called Kramer to express his dismay and to renegotiate the price of the steel. After a visit to the defendant's office and conversations with the thieves, Kramer agreed to accept a lower price for the steel. Later, Kramer sent the defendant an invoice for the steel at the renegotiated price, and the defendant paid Kramer by check.

The FBI eventually uncovered this transaction and, with Kramer's help, adduced sufficient evidence to support a criminal indictment against the defendant. At trial, the defendant did not dispute that the steel had been stolen, or that he had bought and resold the steel. The only issue at trial was whether the defendant knew the steel had been stolen when he bought it. On appeal, the defendant raised several issues for our consideration.

II. Jury Instructions.

a. The "presumption of truth" instruction.

■ During the charge to the jury, the trial judge gave instruction No. 26 which provided as follows:

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth. If you cannot so reconcile the testimony, then it is within your province to determine whom you will believe and whom you will disbelieve. You should weigh the evidence and give credit to the testimony in light of your own experience and observations in the ordinary affairs of life.

The defendant argues that this instruction amounts to an instruction that every witness is presumed to have testified truthfully, and is error because it is within the sole province of the jury to determine witness credibility. A "presumption of truth" instruction has been disapproved by several circuits. *United States v. Pincione*, 565 F.2d 404, 405 (6th Cir.1977); *United States v. Gray*, 464 F.2d 632, 638–39 (8th Cir. 1972); *United States v. Birmingham*, 447 F.2d 1313, 1315–16 (10th Cir.1971); *United States v. Boone*, 401 F.2d 659, 661, 662 (3rd Cir.1968), *cert. denied sub nom., Jackson v. United States*, 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1969); *McMillen v. United States*, 386 F.2d 29, 35–36 (1st Cir. 1967), *cert. denied,* 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288 (1968); *United States v. Bilotti*, 380 F.2d 649, 656 (2d Cir.), *cert. denied,* 389 U.S. 944, 88 S.Ct. 308, 19 L.Ed.2d 300 (1967). However, upon close inspection of the precedent in this circuit [4],

---

**4.** In *United States v. Isaacs*, 493 F.2d 1124, 1163 (7th Cir.), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974), the trial court gave the following instruction:

If there are conflicts in the statements of different witnesses, it is your duty to reconcile it if you can, for the law *presumes* that every witness is sworn to tell the truth, but if you cannot reconcile them, the law makes you the sole and exclusive judges of the credibility of the witnesses, and the weight to be given their testimony.

(Emphasis added.) In *United States v. Knaack*, 409 F.2d 418, 422 (7th Cir.), *cert. denied,* 396 U.S. 831, 90 S.Ct. 87, 24 L.Ed.2d 83 (1969), the trial court gave an instruction on witness credibility, which adverted to an *assumption* or *presumption* that witnesses tell the truth. In *United States v. Quinn*, 398 F.2d 298, 303 (7th Cir.), *cert. denied,* 393 U.S. 983, 89 S.Ct. 451, 21

L.Ed.2d 444 (1968), the trial court gave the following instruction:

If you find the *assumption of truthfulness* with respect to all witnesses who are sworn to be outweighed as to any witness, then you will give the testimony of that witness such credibility if any, as you think it deserves. (Emphasis added.) Finally, in *United States v. Dichiarinte*, 385 F.2d 333, 339 (7th Cir.1967), *cert. denied sub nom., Mastro v. United States,* 390 U.S. 945, 88 S.Ct. 1029, 19 L.Ed.2d 1133 (1968), the trial court gave the following instruction:

Every witness is *presumed to speak the truth*, but the presumption may be outweighed by the manner in which [the witness] testifies, by the character of the witness, that is, by the character of the testimony given or by contradictory evidence.... If you find the presumption of truthfulness to be outweighed as

and after careful consideration, we do not think that instruction No. 26 is a "presumption of truth" instruction. In effect the jury was told that if there were irreconcilable conflicts in the evidence, then it was up to the jury to decide who to believe. Thus, the instruction left the determination of witness credibility to the jury and there was no presumption of truthfulness charge to the jury.

b. The instruction on character evidence.

At trial the defendant presented two witnesses who testified regarding his honesty, integrity, and good character in general. During the conference on jury instructions, the defendant's attorney requested that the court's proposed instruction on this evidence be changed to conform to this circuit's pattern jury instruction No. 3.15. The trial judge agreed to make the change but, by what we must assume was oversight, failed to do so.[5]

The defendant argues that the trial court's failure to make the proposed change violated *Fed.R.Crim.P.* 30, which requires the court to inform counsel of its proposed action prior to closing argument, and denegrated the importance of his character evidence so seriously that reversal is required. We disagree.

■ As we have noted recently, technical violations of Rule 30 require reversal only where the defendant can show actual prejudice. *United States v. Baker*, 722 F.2d 343, 346 (7th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1312, 79 L.Ed.2d 709

(1984). The defendant has not met this standard.

■ In *Edgington v. United States*, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896), the Supreme Court reversed a criminal conviction because the trial court had instructed the jury that it was free to disregard the defendant's character evidence unless the government had failed to prove its case convincingly. *Id.*, at 364–66, 17 S.Ct. at 73–74. The important thrust of *Edgington* was that the jury be told to consider the character evidence *along with* all the other evidence when deciding whether the government has proved a defendant's guilt beyond a reasonable doubt.

> [Evidence of] good character when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing.

*Id.*, at 366, 17 S.Ct. at 74. Here, the trial court's instruction met the mandate set forth in *Edgington*, and met the *Edgington* mandate as it has been adopted in this circuit. *See United States v. Donnelly*, 179 F.2d 227, 233 (7th Cir.1950).

■ The trial court's instruction also was consistent with variations upon the instruction approved of by this court in other cases. *See United States v. Picketts*, 655 F.2d 837, 842 (7th Cir.), *cert. denied,* 454 U.S. 1056, 102 S.Ct. 602, 70 L.Ed.2d 592

to any witness, then you will give the testimony of that witness such credibility, if any, as you think it deserves.
(Emphasis added.)
As the emphases indicate, the fault in these instructions was the language pertaining directly to an assumption or a presumption. That language does not appear in the instruction before us. Further, we note that, while this court disapproved of the instructions given in these cases, the instructions were not sufficient bases for reversal.

5. The instruction, as given, with the defendant's proposed change in brackets, is as follows:
You have heard the testimony of Thomas Boissey and Kenneth Warmack, both of

whom said that the defendant has a good reputation for honesty, integrity and truthfulness in the community where he lives and works. Along with all the other evidence you have heard, you may [should] take into consideration what you believe about the defendant's honesty, integrity, and truthfulness when you decide whether the government has proved, beyond a reasonable doubt, that the defendant committed the crime. Evidence of the defendant's honesty, integrity and truthfulness alone may create a reasonable doubt whether the government proved that the defendant committed the crime.
*See Fed.Crim. Jury Instructions of the Seventh Cir.*, 3.15 (1980).

(1981); *United States v. Ming*, 466 F.2d 1000, 1007 (7th Cir.), *cert. denied*, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972). Finally, when a trial court has given a substantially accurate instruction which covers adequately the subjects addressed by a proposed instruction or change in the instruction, the court will not be reversed for failure to use the exact language tendered by counsel. *United States v. Zarattini*, 552 F.2d 753, 759 (7th Cir.), *cert. denied*, 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977).

**c. The immunity instruction.**

The government presented several witnesses at trial, most of whom had been involved somehow in the interstate theft, transportation, and sale of steel. One witness, Larry Massey, had dealt with the defendant on a matter unrelated, but similar, to the charge for which he was tried. Massey was granted use immunity in exchange for his testimony against the defendant. The two men who had stolen the steel in issue at trial, Havard and Alfonsi, and another thief, Lester Longanetti, pleaded guilty to charges reflecting their involvement with black market steel, and received reduced sentences in exchange for their testimonies. Kramer was not charged with any crime nor granted immunity, although he was a paid informant for the FBI.

At trial, the defendant requested that the trial court include Havard, Alfonsi, and Longanetti in the immunity instruction the court had prepared regarding Massey's testimony. The defendant also requested that the trial court include, in its instruction

regarding Kramer's testimony, the fact that Kramer had admitted committing a number of crimes for which he had not been prosecuted. The defendant argues that the trial court committed reversible error by failing to honor these requests. We disagree.

■ The defendant failed to object to the trial court's refusal of the tendered instruction on Kramer's testimony. He therefore failed to preserve the issue for review on appeal. *Fed.R.Crim.P.* 30.

■ We reject the defendant's other argument. Havard, Alfonsi, and Longanetti did not receive immunity; they received reduced sentences in exchange for their testimony. Further, the purpose of including these three in the immunity instruction would be to alert the jury to consider their testimonies with "caution and great care." This admonition was included in the instruction the trial court gave on the testimonies of these three men. Finally, defense counsel's development of the credibility issue during cross-examination and closing argument adequately alerted the jury to the caution necessary in weighing the testimony of the witnesses. The trial court did not err by failing to include Havard, Alfonsi, and Longanetti in the immunity instruction. *Xheka*, 704 F.2d at 987; *United States v. Watson*, 623 F.2d 1198, 1205 (7th Cir.1980).

**d. The defendant's "theory of defense" instruction.**

The defendant tendered a three paragraph instruction which contained his theory of defense.[6] The trial court included

6. The tendered instruction provided as follows: It is Sam Hyman's theory of the case that at the time that he purchased and re-sold three coils of galvanized steel on June 28 and June 29, 1982, he believed William L. Kramer to be a legitimate businessman and he had no knowledge that the steel was stolen. It is further Sam Hyman's theory of the case that the main witness for the government, William L. Kramer, David S. Havard, Thomas J. Alfonsi, Lester Longanetti and Larry Massey are making false charges against him for the purpose of avoiding or reducing punishment for their own crimes.

If you find that the government has failed to prove beyond a reasonable doubt that Sam Hyman knew that the steel was stolen at the time that he bought and re-sold the steel on June 28 and June 29, 1982, then you must find Sam Hyman not guilty.

Any knowledge which Sam Hyman may have acquired after June 28 and June 29, 1982, regarding the origin of the steel is immaterial to your determination of whether Sam Hyman had knowledge that the steel was stolen at the time he bought and re-sold the steel on June 28 and June 29, 1982.

only one of these paragraphs in the final instruction on the defendant's theory, refusing the other two on the basis that the points were covered adequately by other instructions. The defendant argues that this action was error. We agree with the trial court.

■ A defendant is entitled to have the jury instructed on his or her theory of defense when the defense is supported by the law and evidence. *United States v. Martin-Trigona*, 684 F.2d 485, 493 (7th Cir. 1982); *United States v. Bastone*, 526 F.2d 971, 987 (7th Cir.1975), *cert. denied*, 425 U.S. 973, 96 S.Ct. 2172, 48 L.Ed.2d 797 (1976). However, as our previous discussion has noted, a trial court is not bound to give an instruction in precisely the same form as it has been proposed.

■ Here the paragraphs deleted from the instruction merely restated the requirements that the government prove the defendant's guilt beyond a reasonable doubt and that the jury must find the defendant knew the steel was stolen when he bought and sold it, in order to return a guilty verdict, stated adequately in other instructions. Where portions of a "theory of defense" instruction are mere surplusage, it is not error for the trial court to delete them from the final instruction. *United States v. Cina*, 699 F.2d 853, 863, 864 (7th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983).

### III. Evidence of Other Crimes.

Over the defendant's objection, the trial court permitted Larry Massey to testify that on two occasions he had contacted the defendant, offering to sell him stolen steel. The defendant never bought any steel from Massey. However, Massey testified that he and the defendant had discussed ways to manipulate paperwork in order to make purchases of stolen steel look legitimate. The defendant argues that admission of this testimony was reversible error because: it was not relevant; it violated *Fed. R.Evid.* 404 [7] because it was introduced solely for the purpose of establishing the defendant's propensity to commit crime; and because the trial court failed to make written findings under *Fed.R.Evid.* 403 [8] regarding the prejudicial effect versus the probative value of the evidence.

■ In *United States v. Feinberg*, 535 F.2d 1004, 1009 (7th Cir.), *cert. denied*, 429 U.S. 929, 97 S.Ct. 337, 50 L.Ed.2d 300 (1976), this court held that evidence of a prior criminal act is admissible if: the prior act is similar enough and close enough in time to be relevant; the evidence of the prior act is clear and convincing; the probative value of the evidence outweighs the risk of prejudice; and the issue to which the evidence is addressed is disputed by the defendant. Massey's testimony satisfies each of these requirements.

The final instruction given by the court is as follows:

It is Sam Hyman's theory of the case that at the time he purchased and resold three coils of galvanized steel on June 28 and June 29, 1982, he believed William L. Kramer to be a legitimate businessman and he had no knowledge that the steel was stolen. It is further Sam Hyman's theory of the case that the main witnesses for the government, William L. Kramer, David S. Havard, Thomas J. Alphonsi [sic], Lester Longanetti and Larry Massey are making false charges against him for the purpose of avoiding or reducing punishment for their own crimes.

7. Rule 404 provides in pertinent part as follows:

(a) .... Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion....

(b) .... Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

8. Rule 403 provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The acts to which Massey testified occurred within a few months of the criminal acts for which the defendant was tried. Thus, the temporal requirement was satisfied. *United States v. Berkwitt*, 619 F.2d 649, 655 (7th Cir.1980); *United States v. Zeidman*, 540 F.2d 314, 319 (7th Cir.1976). Massey's testimony, that the defendant was interested in purchasing stolen steel if paperwork could be falsified to make the transaction look legitimate, also satisfied the similarity requirement.

Evidence of other criminal transactions is relevant if it has a tendency to make the existence of an element of the crime charged more probable than it would be without such evidence. *United States v. Falco*, 727 F.2d 659, 664 (7th Cir.1984), *quoting, United States v. Fairchild*, 526 F.2d 185, 188–89 (7th Cir.1975), *cert. denied*, 425 U.S. 942, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976). Evidence that the defendant previously had come up with a way to make illegal purchases appear legal on paper made it more probable than not that the paperwork the defendant presented to the FBI as proof of his innocence in this case was false. Further, admission of this evidence was relevant to the issue of the defendant's knowledge, a permissible basis for admission under Rule 404(b). *See United States v. Serlin*, 707 F.2d 953, 959 (7th Cir.1983); *United States v. Miroff*, 606 F.2d 777, 780 (7th Cir.1979), *cert. denied*, 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980).

Massey's testimony also satisfies the "clear and convincing" requirement. The defendant failed to impeach Massey's testimony. We have held that the direct, unimpeached testimony of a witness constitutes clear and convincing evidence that the acts to which the witness testified actually occurred. *Berkwitt*, 619 F.2d at 655; *United States v. Dolliole*, 597 F.2d 102, 107 (7th Cir.), *cert. denied*, 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979).

However, the defendant argues that the prejudicial effect of this evidence outweighed its probative value, and that the trial court erred by not making specific, written findings to this effect. It is true that we have encouraged trial courts to make specific findings regarding the balancing of the prejudicial effect versus the probative value of evidence. *United States v. DeJohn*, 638 F.2d 1048, 1053 (7th Cir.1981); *Dolliole*, 597 F.2d at 106. However, a trial court's evidentiary rulings are "within its sound discretion and must be accorded great deference." *Falco*, 727 F.2d at 665, *quoting, Serlin*, 707 F.2d at 959. Further, we have refused repeatedly to require a mechanical recitation of Rule 403's formula, on the record, as a prerequisite to admitting evidence under Rule 404(b). *United States v. Price*, 617 F.2d 455, 460 (7th Cir.1979); *Dolliole*, 597 F.2d at 106, *quoting, United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir.1978). Where, from the record as a whole, it appears that the trial judge adequately weighed the probative value against the prejudicial effect of the proffered evidence before its admission, we will conclude that the demands of Rule 403 have been met. *Id.*

In this case, the government submitted a brief for the court's consideration on the issue, the trial judge heard the arguments of counsel, the court heard the proffered testimony out of the jury's presence, and the court took a short recess before it overruled its previous motion *in limine* excluding the evidence. The trial court complied substantially with the requirements of Rule 403.

Finally, because the only issue at trial was whether the defendant knew the steel was stolen when he bought it, it is clear that the "dispute" requirement of the *Feinberg* test was satisfied also. Thus, the trial court did not err by admitting Massey's testimony into evidence.

## IV. The Excluded Evidence.

The indictment charged the defendant with the purchase, possession, transportation, and sale of coils of galvanized steel. At trial the defendant proffered for admission evidence which reflected market prices for several different types of steel.

The trial court admitted that portion of the evidence which advertised the sale of coils of galvanized steel, but excluded that portion of the evidence which dealt with the sale of other types of steel. The defendant argues that the trial court erred by excluding this evidence. The argument has no merit. Because the excluded evidence did not deal with the coils of galvanized steel, i.e., steel substantially similar to the steel in issue at the trial, it failed to meet the threshold requirement of relevance under *Fed.R.Evid.* 401, and properly was excluded. *See* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 401[10] at 401–67, 401–68 (1982); J. Wigmore, *Evidence* § 463 at 613, 615 (1979).

## V. The Conspiracy Count.

The defendant contends that his conviction for conspiracy must be reversed. This contention rests solely on the argument that the government proved only that the defendant was a simple purchaser of stolen goods, and not that he had conspired to buy, possess, and transport stolen steel.

In *United States v. Mancillas,* this court stated as follows:

> Because the crime of conspiracy requires a concert of action among two or more persons for a common purpose, the mere agreement of one person to buy what another person agrees to sell, standing alone does not support a conspiracy conviction.

580 F.2d 1301, 1307 (7th Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), *quoting, United States v. Ford,* 324 F.2d 950, 952 (7th Cir.1963); *accord United States v. Braico,* 422 F.2d 543, 544 (7th Cir.), *cert. denied,* 398 U.S. 912, 90 S.Ct. 1712, 26 L.Ed.2d 74 (1970); *United States v. Varelli,* 407 F.2d 735, 748 (7th Cir.1969), *cert. denied sub nom., Saletko v. United States,* 405 U.S. 1040, 92 S.Ct. 1311, 31 L.Ed.2d 581 (1972).

 However, as in *Mancillas,* we think the defendant was guilty of more than just a simple agreement to buy stolen goods. First, the negotiations between the defendant, Kramer, and Messenger were complex. Second, the defendant's purchase was contingent upon whether he could find a buyer. Third, it was the defendant who arranged for the interstate transportation of the stolen goods. Finally, there was sufficient evidence to support the inference that the defendant had collaborated with Kramer to make the transactions, and his part in the transaction, look legal on paper.

Given these facts, we think that the defendant's characterization of himself as a simple purchaser of stolen goods is incorrect. *See United States v. Greer,* 467 F.2d 1064, 1070 (7th Cir.1972), *cert. denied,* 410 U.S. 929, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973); *United States v. Skillman,* 442 F.2d 542, 547–48 (8th Cir.), *cert. denied,* 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). The government's characterization of the defendant's involvement as that of a "middleman" is more accurate. We think there was sufficient evidence to establish more than a mere buyer-seller arrangement, and thus sufficient evidence to support the jury's verdict on the conspiracy count.

CUDAHY, Circuit Judge concurring:

I do not agree with the majority's failure to hold that instruction No. 26 should not have been given. The instruction urges that the jury, in resolving conflicts in the evidence, to apply the "theory that each witness has testified to the truth." This instruction may, in some cases, seriously invade the jury's function and significantly erode the presumption of innocence. In this case, however, the totality of the circumstances persuades me that the instruction did not affect the outcome of the trial. Thus, I would hold that it was error to give the instruction, but that in this case the error was harmless.

Affirmed.