[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15243
Non-Argument Calendar

_____

D. C. Docket No. 07-20341-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO VANEGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 25, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Pedro Vanegas appeals his convictions for conspiracy to defraud the United

States, in violation of 18 U.S.C. § 371, and unlawful production of a Florida

commercial driver's license ("CDL"), in violation of 18 U.S.C. §§ 1028(a)(1), (c)(3)(A), and 18 U.S.C. § 2 . He also appeals the denial of his motion for a mistrial.

## I.

Vanegas argues there was insufficient evidence to support his conviction for conspiracy. He argues he did not conspire to produce the identification card because it was issued by state employees not a part of the conspiracy. He argues did not conspire or unlawfully agree with Steven Baez, his alleged co-conspirator, to produce any false identification. He claims he acted singularly in submitting documents to the Florida Division of Driver Licenses and he did not agree with Baez to achieve any unlawful objective. He argues his association with Baez, and Vanegas's presence at the Driver Licenses office was insufficient to show a conspiracy. He contends the government did not show his awareness of the essential nature of the conspiracy. He argues mere association with the conspirator, presence at the transaction, and assistance to the conspirator was not sufficient to show he was a member of a conspiracy.

"Sufficiency of the evidence is a question of law reviewed de novo." U.S. v. Martinez, 83 F.3d 371, 373-74 ( 11th Cir. 1996). The evidence is sufficient to sustain a conviction if any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. U.S. v. Mintmire, 507 F.3d 1273, 1289 (11th Cir. 2007). We view "the evidence in the light most favorable to the Government and . . . [draw] all reasonable inferences and credibility assessments in the Government's favor." Id. "Where the government relies on circumstantial evidence, reasonable inferences, and not mere speculation, must support the jury's verdict." U.S. v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005) (quotation omitted).

"In order to charge a violation under § 371, the government must show that the defendant conspired to commit one or more substantive offenses against the United States, or that the defendant conspired to defraud the government in any manner or for any purpose." U.S. v. Harmas, 974 F.2d 1262, 1266 (11th Cir. 1992). "It has long been established that this statutory language is not confined to fraud as that term has been defined in the common law." Dennis v. U.S., 384 U.S. 855, 861 86 S.Ct. 1840, 1844, 16 L.Ed.2d 973 (1966). "It reaches any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." Id. (quotation omitted). Under the "defraud" clause of § 371, "the government must prove that the United States was the ultimate target of the conspiracy." Harmas, 974 F.2d at 1268.

"In order to obtain a conviction for conspiracy under 18 U.S.C. § 371, the

Government must prove (1) that an agreement existed between two or more persons to commit a crime; (2) that the defendant knowingly and voluntarily joined or participated in the conspiracy; and (3) a conspirator performed an overt act in furtherance of the agreement." U.S. v. Ndiaye, 434 F.3d 1270, 1294 (11th Cir. 2006). "The knowledge requirement is satisfied when the Government shows a defendant's awareness of the essential nature of the conspiracy." Id. "A conviction for conspiracy may be obtained via circumstantial evidence." Id.

"[A]greement is the essential evil at which the crime of conspiracy is directed." U.S. v. Chandler, 388 F.3d 796, 806 (11th Cir. 2004). "[T]he government must prove the existence of an agreement to achieve an unlawful objective and the defendant's knowing participation in that agreement." Id. (emphasis in original). "Since no one can be said to have agreed to a conspiracy that they do not know exists, proof of knowledge of the overall scheme is critical to a finding of conspiratorial intent." Id. (emphasis in original). We have "reversed conspiracy convictions where there was no direct proof of an agreement, and the circumstantial evidence of agreement was insufficient to support such an inference." Id.

"The relationship of buyer and seller absent any prior or contemporaneous understanding beyond the mere sales agreement does not prove a conspiracy to

4

sell, receive, barter or dispose of stolen property although both parties know of the stolen character of the goods. U.S. v. Solomon, 686 F.2d 863, 876 (11th Cir. 198 (quoting U.S. v. Ford, 324 F.2d 950, 952 (7th Cir. 1963)). "The act of buying and selling may or may not be evidence of a conspiracy." Id. at 877. "The key factor is the knowledge and understanding of the parties associated with the buying and selling." Id. "It is the absence of any prior or contemporaneous understanding that makes a mere agreement to buy and sell insufficient to establish a conspiracy." Id. "Consequently, the act of buying and selling, preceded by or coupled with a contemporaneous agreement, can itself be evidence of the conspiracy." Id. However,"it is well settled that the existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial agreement." U.S. v. Wright, 63 F.3d 1067, 1072 (11th Cir. 1995) (discussing conspiracy to distribute cocaine). "[Mere] presence or association with others involved in a criminal scheme is not sufficient to prove participation in a conspiracy . . . ." U.S. v. Mulherin, 710 F.2d 731, 738 (11th Cir. 1983).

In United States v. Mendez, 528 F.3d 811 (11th Cir. 2008) petition for cert. tiled, (U.S. Aug. 1, 2008) (No. 08-142), we recently overturned the conspiracy conviction of another participant in the licensing scheme. 528 F.3d at 815-16 (reversing conviction for conspiracy to defraud United States). In Mendez, we

5

held that fraudulently obtaining a CDL did not show intent to defraud the United States. Id. at 815. Additionally, in dicta, we noted that the use of the DA-348-E form and statements in the Florida CDL handbook and website describing the "federal" requirement, were not sufficient to show the requisite intent to defraud the United States where the defendant had difficulty reading English. Id. at 816. Moreover, the government had to prove the defendant knew the United States was to be defrauded by the scheme. Id. at 816-17.

In this case, there was insufficient evidence for a rational trier of fact to find that Vanegas conspired to defraud the United States. The DA-348-E form Vanegas submitted to obtain his CDL asked if Vanegas was "391 qualified." According to a witness, "391" referred to a federal statute, but there was no evidence Vanegas knew this fact. There also existed a CDL handbook in Spanish that explained the "391 qualifications," but there was no evidence Vanegas ever read the handbook. While Vanegas had taken and failed the Spanish CDL exam three times, only by mere speculation could one conclude from this evidence that Vanegas knew the United States would be defrauded by his obtaining a CDL. Furthermore, the Mendez court, in dicta, found similar evidence was insufficient to show knowledge where the defendant, like Vanegas, had a limited understanding of English. Therefore, we vacate his conviction for conspiracy to

6

defraud the United States.

## II.

Vanegas also argues that there was insufficient evidence to support his conviction for unlawful production of an identification document. Vanegas argues that because the identification card was issued by State employees, he did not produce it. Baez conducted numerous transactions with people at the Homestead drivers license office. Vanegas, however, did not produce any license prohibited by the statute.

The standards set forth above apply here as well. "Under 18 U.S.C. § 1028(a)( 1 ) and (c)(3)(A), it is a crime to unlawfully produce an identification document when the production is in or affects interstate or foreign commerce." Mendez, 528 F.3d at 816. The statute includes CDL's. Id. The government only needs to show a minimal nexus with interstate commerce and it is sufficient to show the defendant "had the intent to accomplish acts, which, if successful, would have affected interstate" commerce. Id. at 817. Whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States is punishable as a principal. 18 U.S.C. § 2(a). Furthermore, whoever "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

7

18 U.S.C. § 2(b). "[It] is well established that § 2(b) was designed to impose criminal liability on one who causes an intermediary to commit a criminal act, even though the intermediary who performed the act has no criminal intent and hence is innocent of the substantive crime charged." U.S. v. Tobon-Builes, 706 F.2d 1092, 1099 (11th Cir. 1983). We have recently upheld the conviction of another participant in the licensing scheme for violation of the above statutes on similar facts. See Mendez, 528 F.3d at 817 (finding sufficient nexus to interstate commerce).

As to this conviction, there was sufficient evidence for a jury to find that Vanegas had unlawfully produced an identification document. A CDL is covered by the statute, and intending to drive a commercial vehicle illegally satisfies the interstate commerce requirement. While Vanegas did not produce the CDL himself, he submitted the false DA-348-E form and caused the examiner to unlawfully issue a CDL, thereby violating the statute as an aider and abettor. Therefore we affirm his conviction on this count.

### III.

Vanegas argues the district court improperly denied his motion for a mistrial when Michael Long, an investigator for the Florida Highway Patrol, gave inadmissible testimony. He asserts that Long improperly identified him by using

8

hearsay evidence, and that the prosecutor improperly identified Vanegas for Long. Long's testimony was also unfairly prejudicial. Long testified that he had arrested numerous people for receiving the illegal forms and that Baez had supplied the documents. The testimony prejudicially associated Vanegas with other people arrested for receiving CDL's improperly. Combined with the unfair identification, the testimony influenced the verdict.

We review a refusal to grant a mistrial for abuse of discretion. U.S. v. Diaz, 248 F.3d 1065, 1101 ( 11th Cir. 2001). A defendant must show substantial prejudice in order to be granted a mistrial. U.S. v. Chastain, 198 F.3d 1338, 1352 (11th Cir. 1999). This requires "a reasonable probability that . . . the outcome of the trial would have been different." U.S. v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007) cert. denied, 128 S.Ct. 218 (2007). The "trial judge has discretion to grant a mistrial since he is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury." U.S. v. Delgado, 321 F.3d 1338, 1346-47 (11th Cir. 2003) (internal quotations and citation omitted).

Where the defendant has failed to raise the issue below, we review only for plain error. U.S. v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Additionally, we review for plain error when a party raises an objection on appeal different than the objection to the evidence raised in the district court. U.S. v.

9

Walther, 867 F.2d 1334, 1343 (11th Cir. 1989). Vanegas did not seek a mistrial below based on Long's statements that he had arrested other people for submitting false DA-348-E forms. Therefore, we review that part of his argument for plain error.

Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. U.S. v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). An appellate court should exercise plain error review "sparingly." Jones v. U.S., 527 U.S. 373, 389, 119 S.Ct. 2090, 2102, 144 L.Ed.2d 370 (1999). Where "[d]efense counsel effectively caused the injury about which he now complains . . . . [it is] invited error [and] constitutes neither plain nor reversible error." U.S. v. Parikh, 858 F.2d 688, 695 (11th Cir. 1988).

We find no abuse of discretion in the refusal to grant a mistrial because of Long's identification of Vanegas. The prosecutor did not improperly identify Vanegas for Long, as Long had already identified Vanegas as a person he had arrested for submitting a false DA-348-E form. Although the prosecutor improperly named the person identified as Vanegas before establishing the proper foundation, Long's testimony showed he had personal knowledge that the person

he identified was Vanegas.  The prosecutor properly introduced the full identification of Vanegas, and the premature naming did not substantially prejudice Vanegas.

The district court did not commit plain error by denying a mistrial for Long's statements that he had arrested other people for submitting false DA-348-E forms.  The testimony was relevant to his identification of Vanegas, and, on cross-examination, Long stated he had not connected Vanegas with any of the other individuals arrested.   Moreover, Vanegas chose to address the arrests in greater detail on cross examination, weakening any claim of error.  Any prejudice resulting from the statements was minimal and unlikely to affect the outcome of the trial because the government never argued there was a connection between Vanegas and the others who had used the DA-348-E forms.

Upon review of the record and upon consideration of the briefs of the parties, we find no reversible error as to Vanegas's conviction for unlawful production of an identification document or the denial of his motion for a mistrial. We hold, however, that there was insufficient evidence to convict him of conspiracy to defraud the United States.  Therefore we vacate Vanegas's conviction as to that count and remand for re-sentencing.

VACATED IN PART AND AFFIRMED IN PART