**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis SANGREY, Defendant-Appellant.**

**No. 78–1685.**

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1978.

Robert L. Zimmerman, Asst. U. S. Atty. (argued), Billings, Mont., for defendant-appellant.

Chris J. Nelson, Jr., (argued), of Berger, Anderson, Sinclair & Murphy, Billings, Mont., for plaintiff-appellee.

Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Sangrey appeals his conviction for statutory rape under 18 U.S.C. §§ 1153, 2032. He alleges that rebuttal testimony that he raped another girl before committing the offense with which he is charged here was

improperly admitted. Counsel for defendant conceded at oral argument that two other assignments of error were disposed of by this court in *United States v. Lone Bear,* 579 F.2d 522 (9th Cir. 1978). Hence, we deal here only with the admission of evidence question. We affirm.

Sangrey and several other young men attended a beer-drinking party in Parker Canyon ("the corrals") near the Rocky Boy Indian Reservation. The victim, Joanne Spotted Wolf, and Junia Walking Eagle were also present. The victim alleged that several of the young men, including Sangrey, forcibly had sexual intercourse with her.

Defendant argued in a motion *in limine* that the court should prohibit the prosecution from introducing evidence that Sangrey had sexually assaulted Junia on the same night that he allegedly raped Joanne Spotted Wolf. The court denied the motion, finding that such evidence would be admissible under Rule 404(b)[1] "to show the motive, the opportunity, and the intent."

During the trial, the prosecutor chose not to call Junia in his case-in-chief. After the prosecution had rested, Sangrey testified and changed his original story. He asserted that he knew several of the young men at the party were having sexual intercourse with one or both of the girls, but that he was at another part of the corrals drinking beer with friends. He denied making any kind of advances to either girl.

Over an appropriate objection, the trial judge ruled that Junia's testimony would be "proper impeachment." She testified on rebuttal that several young men raped her, one knocking her unconscious, and that, upon awakening, she remembered "Dennis [Sangrey] getting off and saying he was going over to the other girl." She also testified that, shortly after this incident, Dennis and a friend jumped into the car in which she was riding and that "some guys" pulled her out of the car while she was screaming for help.

Counsel for defendant did not ask for a cautionary instruction as to the use of this testimony, and the court gave none.

Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Rule 404(b) is "one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition." *United States v. Rocha,* 553 F.2d 615, 616 (9th Cir. 1977) (emphasis in original). *See also* 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 404[08] (1977).

This "inclusionary rule," however, is subject to the balancing test of Rule 403. Thus, "[i]n admitting relevant evidence under Rule 404(b), the trial court must balance the probative value of the evidence against the possibility that the jury would be prejudiced against the defendant because of his participation in other criminal conduct." *United States v. Young,* 573 F.2d 1137, 1140 (9th Cir. 1978).

If the trial judge concludes that the balancing weighs in favor of admitting the evidence, he should ordinarily instruct the jury carefully as to the limited purpose for which the evidence is admitted. *See, e. g., United States v. Batts,* 573 F.2d 599, 602–03 (9th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978); *Young,* 573 F.2d at 1140; *United States v. Brashier,* 548 F.2d 1315, 1326 (9th Cir. 1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977).

As long as the court balances probative value and prejudicial effect, the determination of whether evidence should be admitted under the rule is largely a matter of discretion with the trial judge. *United States v. Sigal,* 572 F.2d 1320, 1323 (9th Cir.

---

1. All references to "Rules" are to the Federal Rules of Evidence.

1978); *United States v. Hearst,* 563 F.2d 1331, 1336 (9th Cir. 1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978). This is also true when the evidence is given in rebuttal. *Batts,* 573 F.2d at 603; *United States v. Perez,* 491 F.2d 167, 173 (9th Cir.), *cert. denied sub nom. Lombera v. United States,* 419 U.S. 858, 95 S.Ct. 106, 42 L.Ed.2d 92 (1974).

Here, although the trial judge did not admit the evidence for this purpose,[2] he ruled in response to defendant's motion *in limine* that the challenged testimony was admissible under Rule 404(b).

Junia's testimony regarding Sangrey's attack upon her is highly probative of his guilt in raping Joanne Spotted Wolf. Both assaults took place within a short time. Junia's testimony corroborates that of the victim that Sangrey was not in another part of the corrals during the course of the assaults, but rather was an active participant in a gang rape.

His statement as he was "getting off" Junia that he was "going over to the other girl" is a clear reference to his intention to rape the only other girl present, Joanne Spotted Wolf. Junia could only testify to his remark by telling about his attack upon her.

Testimony regarding the subsequent assault on Junia, when she was dragged from a car, is also probative of the defendant's opportunity, plan, and intent to participate in the events of the evening which led to the rape of Joanne Spotted Wolf.

■ The trial judge did not explicitly state that the probative value of Junia's testimony was not substantially outweighed by the danger of unfair prejudice. We believe, nonetheless, that he performed the necessary weighing under Rule 403. He was aware of the Rule's requirements. In addition, defense counsel argued the issue of prejudice in his motion *in limine.* The trial judge rejected counsel's argument and

reasoned that the evidence "would be admissible to show the motive, the opportunity and the intent."

■ Although a clearer statement of the process of balancing probativeness and prejudice might have been desirable, we refuse to require a mechanical recitation of Rule 403's formula on the record as a prerequisite to admitting evidence under Rule 404(b). As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission, we conclude that the demands of Rule 403 have been met.

■ We do question the failure of the trial judge to give the jury a limiting instruction as to the use of the challenged testimony. Because no limiting instruction was asked for by defendant, we do not find the absence of such an instruction to be reversible error. But in view of the prejudicial effect Junia's testimony might have had on the jury, it would have been appropriate for the trial judge, *sua sponte,* to have given a limiting instruction.

AFFIRMED.

---

2. The trial judge permitted Junia's testimony as "proper impeachment" of Sangrey's changed story. If the testimony had been admitted solely to attack Sangrey's credibility, there might be a question about the admissibility of the evidence under Rule 608(b). The fact that the

trial judge ruled in pre-trial proceedings that the evidence was admissible under Rule 404(b), however, obviates the need to discuss this question. *See United States v. Batts* (9th Cir. 1978), 573 F.2d 599, *cert. denied,* —— U.S. ——, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978).