960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John William CHERRY, Defendant-Appellant.
 No. 90-30331.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1992.*
Decided April 15, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and FONG, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 John Cherry appeals his conviction for conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. He seeks reversal on the ground that the district court improperly admitted evidence of his prior drug use and dealing. We affirm because the prior acts evidence was admissible to impeach Cherry's testimony.
 
 
 4
 Cherry testified on cross-examination that he did not know the street value of methamphetamine and that he had never seen more than a gram of it. The government proffered evidence that he had been known to sell methamphetamine and that he kept a supply on reserve for personal use. Cherry's counsel objected to its admission conceding, "it certainly is impeachment material," but arguing that it was unfairly prejudicial and relevant only to collateral matters.
 
 
 5
 The court admitted the evidence for impeachment purposes, noting that it also showed absence of mistake or accident.
 
 
 6
 The prior acts evidence was admissible as a prior inconsistent statement under Fed.R.Evid. 613(b) to impeach Cherry's statement that he had never seen more than one gram of methamphetamine and did not know its street value.
 
 
 7
 Because we agree with the district court that the evidence was admissible to impeach Cherry, we need not decide whether it would also have been admissible under Fed.R.Evid. 404(b). United States v. Gering, 716 F.2d 615, 621 (9th Cir.1983).
 
 
 8
 We also reject Cherry's contention that the prejudicial effect of the evidence outweighed its probative value. It was highly probative of Cherry's credibility. Any prejudice to his defense was invited by his attempt to cast a false light on his participation in the alleged conspiracy. Although the court did not explicitly discuss Fed.R.Evid. 403, looking at the record as a whole, we find the demands of the rule were met. See United States v. Sangrey, 586 F.2d 1312, 1315 (9th Cir.1978).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Harold M. Fong, Chief Judge, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3