996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique Navarro GARCIA, Defendant-Appellant.
 No. 92-10140.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1993.
Decided May 20, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Enrique Navarro Garcia appeals his conviction and sentence for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 (1988), and we affirm.
 
 
 3
 * Garcia contends the district court erred in admitting evidence of prior conduct under Fed.R.Evid. 404(b). "We review the trial court's decision to admit evidence of prior criminal acts under Fed.R.Evid. 404(b) for abuse of discretion." United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990).
 
 
 4
 Evidence of prior conduct "may be relevant to a fact of consequence, or it may be relevant only insofar as it proves the character of the defendant in order to show action in conformity therewith, in which case it is a form of character evidence." McKinney v. Rees, No. 89-55869, slip op. at 4220 (9th Cir.Apr. 28, 1993). Fed.R.Evid. 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." Huddleston v. United States, 485 U.S. 681, 685 (1988). "We have uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982).
 
 
 5
 We apply a four-part test to determine whether evidence of Garcia's prior conduct is admissible under Rule 404(b):
 
 
 6
 F(1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged.
 
 
 7
 United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991); see also Spillone, 879 F.2d at 518-20. "Once its relevancy is shown, the evidence is admissible only after the Government demonstrates to the trial court that, on balance, its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant." Mehrmanesh, 689 F.2d at 830.
 
 A. Sufficiency of the Evidence
 
 8
 Garcia argues the evidence of his prior conduct did not support a finding that he committed prior crimes.
 
 
 9
 In this context, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 689. "We have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." Mehrmanesh, 689 F.2d at 832. Of course, "individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." Bourjaily v. United States, 483 U.S. 171, 179-80 (1987).
 
 
 10
 We agree with Garcia that "the Government may [not] parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." Huddleston, 485 U.S. at 689. The prior conduct evidence presented in this case, however, is established by much more than "unsubstantiated innuendo." The detailed testimony from the three law enforcement officers clearly could support a finding that Garcia was the actor involved in drug trafficking activity on each occasion. Therefore, the district court did not abuse its discretion in holding the evidence was sufficient to prove Garcia committed the prior acts.
 
 B. Intent as a Material Issue
 
 11
 Garcia contends the evidence of prior conduct submitted by the government to prove intent was not admissible because the element of intent was not a material issue. Specifically, Garcia cites our holding in United States v. Powell, 587 F.2d 443 (9th Cir.1978), as support for his argument that when the defense is denial of participation in the act or acts which constitute a crime, intent is not a material issue for the purpose of Rule 404(b). Powell, 587 F.2d at 448.
 
 
 12
 Garcia's intent to distribute, however, was an element of the crimes charged in the indictment. "[T]he prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense." Estelle v. McGuire, 112 S.Ct. 475, 481 (1991). Even a "simple plea of not guilty ... puts the prosecution to its proof as to all elements of the crime charged...." Mathews v. United States, 485 U.S. 58, 65 (1988).
 
 
 13
 Furthermore, we have rejected previously Garcia's interpretation of Powell:
 
 
 14
 This is not the holding of Powell.... [T]he statement relied on by [the defendant] was nonbinding dicta which cannot control the outcome in a subsequent case.
 
 
 15
 ... [The defendant] cannot preclude the government from proving intent simply by focusing his defense on other elements of his crime. [The defendant's] choice of defense did not relieve the government of its burden of proof and should not prevent the government from meeting this burden by an otherwise acceptable means. Rule 404(b) permits the government to prove intent by evidence of prior bad acts, and we have already held that admission of such a proof in this case was not an abuse of discretion under the rule.
 
 
 16
 United States v. Hadley, 918 F.2d 848, 852 (9th Cir.1990), cert. dismissed, 113 S.Ct. 486 (1992).
 
 
 17
 In this case, intent was a material issue at trial, even though Garcia chose not to dispute it. Therefore, proof of Garcia's intent to distribute properly could include evidence of the defendant's prior conduct. Spillone, 879 F.2d at 520.
 
 C. Unfair Prejudice
 
 18
 Garcia contends the district court's admission of evidence of his prior conduct was unfairly prejudicial.
 
 
 19
 Evidence of Garcia's prior conduct to prove intent "may be accepted only if, on balance, its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant." Ayers, 924 F.2d at 1474 (quoting United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir.1985)). "The district court need not have mechanically cited the rule 403 formula if 'it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission.' " United States v. Morris, 827 F.2d 1348, 1350 (9th Cir.1987) (quoting United States v. Sangrey, 586 F.2d 1312, 1315 (9th Cir.1978)), cert. denied, 484 U.S. 1017 (1988).
 
 
 20
 In this case, the district court reviewed the government's motion in limine to admit the evidence, and discussed the prejudicial effects of admitting the evidence under Rule 403 even though Garcia failed to raise any Rule 403 objections. Upon granting the motion to admit the evidence, the court noted that it would guard against the government arguing predisposition to the jury. The court also gave appropriate limiting instructions before and after the evidence was introduced, and again in its final instructions to the jury. Under these circumstances, we cannot find the district court abused its discretion in admitting the evidence. See Morris, 827 F.2d at 1350.
 
 II
 
 21
 Garcia also contends the district court erred in increasing his offense level by three levels pursuant to § 3B1.1(b) of the Sentencing Guidelines, because the evidence presented at trial was insufficient to support the court's finding that Garcia acted as a manager or supervisor of the criminal activity.
 
 
 22
 "A district court's finding that a defendant is an organizer, leader, manager, or supervisor of the criminal activity is a question of fact which is reviewed for clear error." United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992). "Where ... a defendant exercises decisionmaking authority and an organizational role, an upward adjustment under § 3B1.1 is appropriate." Id.
 
 
 23
 Here, the government presented a significant amount of evidence that Garcia (1) recruited Pardini-Meza to take part in the conspiracy; (2) directed Pardini-Meza to obtain the drugs for sale in Sacramento; (3) played a significant role in the actual sale of the drugs to the undercover officer; and (4) boasted of the conspirators' ability to sell the officer more drugs. Based on the complete record, we conclude the district court did not err in finding Garcia played a managerial or supervisory role in the conspiracy.
 
 III
 
 24
 Finally, Garcia contends the district court erred in relying on prior conduct evidence in finding that Garcia was a manager or supervisor of the criminal activity. We review the district court's application of the Sentencing Guidelines de novo. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990).
 
 
 25
 We agree with Garcia that the "role adjustment guideline specifically requires the court to adjust only for the defendant's role in the conviction offense, not in charged or uncharged collateral conduct." United States v. Zweber, 913 F.2d 705, 709 (9th Cir.1990); see also United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991) (holding that, in some situations, the sentencing court may look to conduct outside the offense of conviction). However, the district court may consider the defendant's collateral conduct to "shed light on ... his role in the conviction offense...." Zweber, 913 F.2d at 709.
 
 
 26
 For example, application note 2 to § 3B1.2 states that a district court could appropriately give a four-point reduction for a minimal role to someone who functioned as a courier for a single drug transaction. The court may consider evidence of collateral conduct to determine whether the defendant was indeed a courier for only a single drug transaction.
 
 
 27
 Id.
 
 
 28
 Here, the sentencing court first reviewed substantial evidence presented at trial which supported a finding that Garcia played a managerial or supervisory role in the conspiracy. Then, after discussing the evidence of Garcia's role in the conviction offense, the court noted that Garcia's prior conduct "lends support to a management role vis-a-vis his less sophisticated co-conspirators." In light of the record, we find no error with the court's consideration of Garcia's prior conduct. The district court did not base the role adjustment on this prior conduct, but rather examined Garcia's prior conduct only to "determine whether the defendant was indeed a [manager or supervisor in the conspiracy]." Id.
 
 
 29
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 30
 I dissent. In my opinion the admission of the bad acts evidence constitutes an abuse of discretion. The evidence did not demonstrate that the defendant committed the offense alleged--even by a preponderance of the evidence standard. I continue to believe that defendants should be convicted on the basis of the acts charged in the indictment and that the introduction of tenuous evidence concerning other offenses of which the defendant was neither charged nor convicted is highly prejudicial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3