UNITED STATES of America,
Plaintiff—Appellee,

v.

Ana Lourdes ESPINOZA–DURAZO,
Defendant—Appellant.

No. 06–10632.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Nov. 6, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jerry R. Albert, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Andrea Matheson, Esq., Andrea L. Matheson Law Firm, Tucson, AZ, for Defendant–Appellant.

Before: GIBSON [**], BERZON, and BEA, Circuit Judges.

### MEMORANDUM [***]

Ana Lourdes Espinoza–Durazo appeals from her conviction of one count of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and one count of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(C). She also appeals the sentence imposed on her of sixty months' imprisonment on each count, to be served concurrently, followed by thirty-six months' supervised release. We affirm the judgment of conviction and the sentence imposed.

### I.

There was evidence that, taken in the light most favorable to the verdict, would allow a rational finder of fact to find the essential elements of the crimes beyond a reasonable doubt. *See United States v. Clayton,* 108 F.3d 1114, 1116 (9th Cir.1997). Espinoza admitted to Officer Allen that she knew the bags in the car she was riding in contained marijuana. Officer Allen's supplemental report said that Espinoza admitted that she, rather than her son, was responsible for the marijuana in the car. Though the credibility of Allen's supplemental report could be questioned because he did not make the report until a month after the incident, the weight to be given the report was a question for the jury. Espinoza told Officer Rivera that she had been paid by a third party to drive to the location where other people loaded the marijuana in the car and to transport the marijuana from Douglas to Tucson. Since it took Espinoza and her son some two hours and fifteen minutes to drive between Douglas and the border checkpoint, about forty-seven miles away by interstate, it is plausible that they were picking up the marijuana during part of that time. Moreover, the marijuana was in four or five duffel bags in plain view in the car where Espinoza was riding. Since Officer Allen smelled the marijuana, a jury could find that Espinoza smelled it, too. This is enough evidence to allow a rational finder of fact to conclude that Espinoza knowingly possessed the marijuana with intent to distribute it and that she conspired to do so.

### II.

The district court did not err in admitting evidence of Espinoza's earlier involvement in marijuana trafficking. Evidence of a prior bad act is admissible under Fed.R.Evid. 404(b) if (1) it is relevant to a material element of the charged offense; (2) the prior act is not too remote

[**] The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in time; (3) the evidence is sufficient to support a finding that the defendant committed the prior act; and (4) in cases where knowledge and intent are at issue, the prior act is similar to the offense charged. *United States v. Holler*, 411 F.3d 1061, 1067 (9th Cir.2005). Additionally, the district court must balance the probative value of the prior act evidence against its prejudicial effect. Fed.R.Evid. 403; *United States v. Curtin*, 489 F.3d 935, 944–45, 958 (9th Cir.2007) (en banc).

The earlier trafficking was relevant to a material element of the crimes charged. "[E]vidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir.) (internal quotation marks omitted), *cert. denied*, 546 U.S. 1053, 126 S.Ct. 785, 163 L.Ed.2d 608 (2005). Espinoza's prior experience with marijuana makes it unlikely that she could have sat in the car with 147 pounds of it without recognizing the smell, and therefore the prior act tends to prove knowledge.

The prior act was not too remote in time to be relevant. The earlier incident occurred in 1991, about ten years before the November 2000 incident at issue in this case. In *Vo*, this court held that a thirteen-year old conviction was not too remote to be admitted. 413 F.3d at 1018–19.

Espinoza was convicted of the prior act, and she does not dispute that she committed the earlier trafficking offense.

The prior act led to Espinoza's conviction for trafficking in marijuana, which is substantially the same kind of crime as those at issue here—conspiracy to possess marijuana with intent to distribute it and

possession of marijuana with intent to distribute it.

A district court does not err by failing to explain on the record its balancing of the probativeness of the prior act evidence against its prejudicial effect, so long as the record as a whole shows that the trial judge weighed the probative value against the possible prejudice and decided that the evidence was properly admissible. *United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir.1978); *see also United States v. Bradshaw*, 690 F.2d 704, 708–09 (9th Cir.1982). The district court was aware of the balancing requirement because counsel argued the issue before it. *See Sangrey*, 586 F.2d at 1315. In ruling that the prior act evidence would be admitted, the district court said three times that the evidence would have to be "limited." The court also gave a limiting instruction. Espinoza contends that the district court cut off her counsel's attempt to argue the importance of prejudice, but the transcript shows the court allowed counsel to make the argument and only cut him off when the argument became redundant. The record as a whole shows that the court took prejudice into account and tried to limit the prejudicial effect of the evidence. The district court did not abuse its discretion in admitting the prior act evidence.

### III.

■ The district court's decision on whether the evidence provides a factual foundation for a proposed instruction is reviewed for abuse of discretion. *United States v. Medrano*, 5 F.3d 1214, 1218 (9th Cir.1993). A proposed instruction regarding the defendant's theory of the case should be given if there is a foundation for it in the evidence and it is supported by the law. *Id.* Espinoza requested Ninth Circuit Model Criminal Jury Instruction § 6.9 (2003), which says:

Mere presence at the scene of the crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the [crime charged], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

The commentary to the pattern instruction says: "A 'mere presence' instruction is unnecessary if the government's case is not solely based on the defendant's presence and the jury has been instructed on the elements of the crime." This comment is based on a statement in *United States v. Negrete–Gonzales*, 966 F.2d 1277, 1282 (9th Cir.1992), the case on which Espinoza principally relies. According to Espinoza's brief, the district court denied the instruction "based on the Comments to the instruction." There was evidence that Espinoza had admitted knowing that there was marijuana in the car. She said she was responsible for it and that she had been paid to transport it. This is definitely more than mere presence at the scene of the crime. The jury was instructed on the elements of the crimes charged. The district court did not abuse its discretion in declining to give the instruction.

### IV.

■ The district court did not err in denying Espinoza a minor participant adjustment under the Sentencing Guidelines. USSG § 3B1.2(b) makes available a downward adjustment of two levels if the defendant was a minor participant in the criminal activity. The degree of the defendant's involvement is to be compared to that of the "average participant" in the crime, meaning the co-participants in the case at hand. *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir.2006). Espinoza argues that she was only a "low-level courier," but the district court found that Espinoza's previous involvement in drug trafficking suggested that she was more culpable than a minor participant. This finding is not clearly erroneous in light of Espinoza's statements to Officers Allen and Rivera, particularly her statement to Officer Allen, which established that she played a primary role in the crime.

### V.

■ The district court did not err in sentencing Espinoza to sixty months' imprisonment despite her son's receipt of a sentence of sixty months' probation. Espinoza and her son did not have similar records. She had a previous conviction for marijuana trafficking, and she absconded while awaiting sentencing; in contrast, he had neither of those factors weighing against him, and he pleaded guilty. The district court decided that in view of these factors, there was no unwarranted disparity. This was not an abuse of discretion.

The conviction and sentence are therefore AFFIRMED.