UNITED STATES of America,
Plaintiff—Appellee,

v.

Emilio Andy PRADO–MEDINA, a/k/a Andrew Medina, Emilio Andy Prado, Andy Medina and Temple, Defendant—Appellant.

No. 07–50016.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed May 5, 2008.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Fred Wallace Slaughter, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

## MEMORANDUM **

Emilio Andy Prado–Medina appeals from his conviction on a charge of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1), and from the conditions of supervised release imposed upon him. We affirm in part and reverse and remand in part.

## I.

Prado argues that the evidence that he possessed the gun was not sufficient to convict him. This court reviews de novo claims that the evidence was insufficient to support a conviction. *United States v. Corona–Verbera,* 509 F.3d 1105, 1117 (9th Cir.2007). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "Con-

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

flicting evidence is to be resolved in favor of the jury verdict, and all reasonable inferences are to be drawn in favor of the government." *Id.* (internal quotation marks omitted).

■ The evidence in this case easily passes the test of sufficiency. Los Angeles Police Department Officer Dorian Brown saw Prado look at the police car and then take something out of his waistband. Officer Robert Tamate also saw him "digging" in his waistband. Brown saw a black object in Prado's left hand, and he watched Prado make a throwing motion toward a fence with that hand; when Brown stopped the car and walked to where Prado had been walking, he found a loaded gun just inside the fence. Prado argues that the officers could not have seen the object or seen his actions from behind, but there was extensive testimony contending that they could see, as well as a demonstration to the jury of their vantage point and photographs purporting to reproduce the officers' vantage point. Prado also argues that he could not have thrown the gun between the bars of the fence without hitting the bars, but there were photographs of the fence from which the jury could have concluded that there was room for the gun to pass through. There was enough evidence for a reasonable trier of fact to find possession beyond a reasonable doubt.

## II.

Prado contends that the district court erred in allowing ATF Agent Joshua Legere to testify that Prado told him he had just sold crack to someone on the street when he encountered Brown and Tamate.

We review the district court's admission of evidence for abuse of discretion. *United States v. Curtin,* 489 F.3d 935, 943 (9th Cir.2007) (en banc).

Prado contends that the statement about the crack sale should have been excluded as a prior bad act not relevant to "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" and therefore not admissible under Federal Rule of Evidence 404(b). He also contends it was more prejudicial than probative and should have been excluded under Federal Rule of Evidence 403.

Evidence of a prior bad act is admissible under Rule 404(b) if it is relevant to a material element of the charged offense, the prior act is not too remote in time, the evidence is sufficient to support a finding that the defendant committed the prior act, and, in cases where knowledge and intent are at issue, the prior act is similar to the offense charged. *United States v. Holler,* 411 F.3d 1061, 1067 (9th Cir.2005). Additionally, the district court must balance the probative value of the prior act evidence against its prejudicial effect. *Id.*; *see Curtin,* 489 F.3d at 944–45.

■ The crack sale was relevant to the element of possession, since it gave Prado a motive to possess the gun. It is well-established that drug dealers commonly use weapons to protect themselves and their wares. *United States v. Carrasco,* 257 F.3d 1045, 1048–49 (9th Cir.2001); *United States v. Butcher,* 926 F.2d 811, 815–16 (9th Cir.1991).

The crack sale was not at all remote in time, but supposedly had just been concluded when the officers stopped Prado. The admission by Prado himself was certainly sufficient to support a finding that Prado committed the prior act. The statement was not used to prove knowledge and intent, so it is not necessary that the prior act be similar to the charged act.

The district court did not explicitly weigh the potential for prejudice against

the probativeness of the evidence, *see Curtin,* 489 F.3d at 957–58, but a district judge does not err by failing to explicitly explain his balancing on the record, so long as the record as a whole shows that the judge weighed the probative value against the prejudice and decided that the evidence was properly admissible. *United States v. Verduzco,* 373 F.3d 1022, 1029 n. 2 (9th Cir.2004); *United States v. Bradshaw,* 690 F.2d 704, 708–09 (9th Cir.1982); *United States v. Sangrey,* 586 F.2d 1312, 1315 (9th Cir.1978).

In this case, the district judge obviously was aware of Rule 403's balancing requirement since counsel argued the issue to him. *See Sangrey,* 586 F.2d at 1315. Moreover, the court did grant Prado's motion in part, excluding the part of the statement about the prior felony convictions. Also, the court gave a limiting instruction telling the jury, "The defendant is on trial only for the crime charged in the Indictment, not for any other activities." *See Butcher,* 926 F.2d at 816. The split ruling and the limiting instruction show the court was trying to avoid undue prejudice, which implicitly shows the judge engaged in a balancing process.

There was no abuse of discretion in admitting Legere's testimony about the crack sale.

### III.

Prado contends that the district court erred in providing in the terms of supervised release that the probation officer could decide how much Prado would have to pay of his drug treatment expenses. We need not discuss this point, since Prado concedes this argument was foreclosed by *United States v. Dupas,* 419 F.3d 916, 924 (9th Cir.2005), which was followed in *United States v. Soltero,* 510 F.3d 858, 864 (9th Cir.2007) (per curiam), *petition for cert. filed,* No. 07–9900 (March 12, 2008).

### IV.

■ Prado contends that the supervised release terms the court pronounced from the bench prohibiting association with criminal street gangs were too vague to give Prado sufficient notice of the forbidden conduct. This court reviews for abuse of discretion the district court's imposition of conditions of supervised release. *United States v. Bee,* 162 F.3d 1232, 1234 (9th Cir.1998). However, when a condition of supervised release affects the defendant's fundamental rights, such as association rights, this court reviews such restrictions "carefully." *Soltero,* 510 F.3d at 866.

A condition of supervised release violates due process if it is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* (quoting *United States v. Hugs,* 384 F.3d 762, 768 (9th Cir.2004) (internal quotation marks omitted)). In *Soltero* this Court recently looked at conditions that were very similar to those at issue here; while the prohibition on associating with the defendant's own gang and wearing insignia showing membership in that gang were approved in *Soltero,* the Court struck the "disruptive group" language on the grounds that it was unduly vague and violated the defendant's First Amendment rights. *Id.* at 867. *Soltero* requires reversal of the restriction on associating with "disruptive groups."

One difference between the terms in this case and those approved in *Soltero* is that the district court in this case did not explicitly limit the restriction to associating with "known" members of criminal street gangs, while *Soltero* relied on the fact that the district court specified that the restriction applied to association with "known" members of gangs. *Id.* at 867 n. 9. The

presentence investigation report stated that Prado is a member of the Vincent Town street gang, and Prado does not dispute that fact. Other restrictions in Prado's conditions of supervised release were limited to places and things associated with the Vincent Town gang, and the record supports the conclusion that Prado would have reason to know which places and things those were. Therefore, while we conclude that "known" is implicit in part of the court's order, for the sake of clarity, on remand the district court should specify that the restriction on associating with gang members applies to persons *known* to Prado to be members of criminal street gangs.

We AFFIRM in part and REVERSE and REMAND in part.