UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE THORNS, | No. 10-55495 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00218-H-AJB Southern District of California, San Diego |
| v. | |
| R. A. DAVIS, Lieutenant Officer of Calipatria State Prison; et al., | ORDER |
| Defendants - Appellees. | |

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

The district court has belatedly received Bruce Thorns's timely amended notice of appeal in this case. We recall the mandate issued on February 1, 2012. The memorandum disposition filed on January 10, 2012, is withdrawn. A new memorandum disposition will be filed concurrently with this order.

A petition for rehearing, if any, is due within 14 days of the filing date of the new disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRUCE THORNS,

   Plaintiff - Appellant,

 v.

R. A. DAVIS, Lieutenant Officer of
Calipatria State Prison; et al.,

   Defendants - Appellees.

No. 10-55495

D.C. No. 3:07-cv-00218-H-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 19, 2011[**]

Before:  GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

 Bruce Thorns, a California state prisoner, appeals pro se from the district

court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging,

among other claims, that defendants used excessive force against him. We have

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a district court's evidentiary rulings.  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).  We affirm.

The district court did not abuse its discretion with respect to exhibit RRR where it ordered defendants to redact Thorns's prior offenses from the exhibit immediately upon Thorns's objection and before entering the exhibit into evidence. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003) ("To reverse on the basis of an evidentiary ruling, this Court must conclude both that the district court abused its discretion and that the error was prejudicial."); *see also United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir. 1978) (no abuse of discretion for not giving a limiting instruction where no party asked for one).

The district court did not abuse its discretion by denying Thorns's motion to vacate because Thorns failed to establish any grounds justifying vacating the jury's special verdict. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59 or 60).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**