NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10343 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01118-FRZ |
| v. | |
| OSCAR LEDEZMA-ORTIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted August 17, 2018[**]
San Francisco, California

Before:      BEA and CHRISTEN, Circuit Judges, and MCLAUGHLIN,[***]
District Judge.

Oscar Ledezma-Ortiz appeals his conviction after jury trial of possession

with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

(b)(1)(C); and importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government gave notice pretrial of its intent to introduce inculpatory statements Ledezma-Ortiz made when he was interviewed at the border. Ledezma-Ortiz objected that his entire statement should be admitted under the rule of completeness. At trial, the entire statement was played to the jury without objection, and without limiting instructions. On appeal, Ledezma-Ortiz challenges the district court's failure, sua sponte, to instruct the jury on a variety of issues having to do with his recorded interview, and challenges the sufficiency of two of the jury instructions given by the district court.

Jury Instructions

1. Ledezma-Ortiz first contends that the district court erred by failing sua sponte to instruct the jury based on Ninth Circuit Manual of Model Criminal Jury Instructions § 4.3:

> You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's knowledge and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

When admitting relevant evidence under F.R.E 404(b), the trial judge should ordinarily instruct the jury as to the limited purpose for which the evidence is

admitted. *United States v. Sangrey*, 586 F.2d 1312, 1314 (1978). However, "[i]t is well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction sua sponte is not reversible error." *United States v. Multi-Management*, 743 F.2d 1359, 1364 (9th Cir. 1984). As a result, Ledezma-Ortiz's claim fails.

2. Ledezma-Ortiz next contends the district court erred in failing to provide the jury with Ninth Circuit Manual of Model Jury Instructions 3.10, "Activities Not Charged." Ledezma-Ortiz's failure to request the instruction when it was omitted from the district court's draft jury instructions means we review this claim for plain error. *United States v. Jayavarman*, 871 F.3d 1050, 1061 (9th Cir. 2017). The purpose of this jury instruction, as the comment explains, is to avoid constructive amendment of the indictment where evidence of other uncharged conduct could be interpreted by the jury as satisfying an element of the offense charged. Here, given the evidence and arguments at trial, which were focused entirely on the May 12 border crossing and subsequent detention, there is no reasonable possibility that the jury relied on passing references to prior border crossings when convicting Ledezma-Ortiz. *See United States v. Freeman*, 498 F.3d 893, 907 (9th Cir. 2007). There was no plain error in failing to give the instruction.

3                                                                                    16-10343

3. Ledezma-Ortiz next contends the trial court should have sua sponte provided a limiting instruction advising the jury that the agent's out-of-court statements during the interview could be used only for non-hearsay purposes, and not as evidence of guilt. Ledezma-Ortiz has waived this argument as to several of the statements of which he now complains, including: statements about how drug cartels work; that drug dealers in Mexico would not have provided a vehicle laden with a large quantity of drugs to a driver they could not control; and the agent's statement to Ledezma-Ortiz that the vehicle contained a large quantity of drugs. Defense counsel stated that after considering the issue, he was not requesting a limiting instruction with regard to those statements, and that he did not believe that a limiting instruction was in his client's best interests. This exchange establishes a waiver, precluding plain error review of the failure to give a limiting instruction with respect to these statements. *United States v. Olano*, 507 U.S. 725, 732-33 (1993).

Even if not waived, Ledezma-Ortiz cannot establish that admission of any of the agent's statements in the interview affected his substantial rights because defense counsel re-elicited from the agent the bulk of the statements he now complains of, in a non-hearsay format, during cross-examination. And as to the two categories of statements that were not re-elicited, they did not affect Ledezma-Ortiz's substantial rights. First, the agent suggested that one of Ledezma-Ortiz's

4 16-10343

text messages "could be a code" in which the "groceries" referred to the drugs in the car. But none of the agent's statements during the interview affirmatively asserted that he knew this was a coded message; instead, they were questions to Ledezma-Ortiz, who disclaimed knowledge. The agent's questions about code were not hearsay at all, and the failure sua sponte to limit their use to prove the truth of the matter asserted could not have affected Ledezma-Ortiz's substantial rights. Second, Ledezma-Ortiz contends that the agent's statements that he had crossed the border with drugs on other occasions required a limiting instruction. Even if the statement could be read to suggest that the agent actually knew, rather than that he was merely asserting a belief as an interrogation tactic in order to elicit a response, the evidence would nevertheless be inconsequential. The focus of the trial was on Ledezma-Ortiz's transport of drugs across the border on May 12, 2015, and the agent's assertion that he believed, or knew, that Ledezma-Ortiz had carried drugs over during prior crossings was inconsequential in the context of the case as a whole.

4. Ledezma-Ortiz next contends the trial court plainly erred when it omitted language about evidence admitted for a limited use from the "What Is Not Evidence" jury instruction at the end of the trial. He claims that the court's instruction to the jury about the distinction between the investigating agent's testimony as a lay witness and an expert witness constituted a "limiting

instruction." This was not error. Before admitting the agent's expert testimony, the district court properly instructed the jury about the distinction between testimony of a percipient witness and expert opinion testimony. Contrary to Ledezma-Ortiz's argument, the record reflects that the district court did not limit the purpose for which the jury could consider the expert testimony. Because the testimony was not admitted for a limited purpose, the district court did not err when it decided not to instruct the jurors about their obligation to abide by any limitation with respect to this evidence. And even if the expert instruction was construed as limiting, there is no showing that the absence of the "What is Not Evidence" instruction prejudiced Ledezma-Ortiz, or would have undermined the district court's earlier instruction.

5. Ledezma-Ortiz next contends that the district court erred in failing to instruct the jury with his proffered "blind mule" instruction. There was no error. Because the jury was adequately instructed that it could not convict without proof that Ledezma-Ortiz acted "knowingly," was instructed in detail on the meaning of "knowingly," and was alerted by the court's "blind mule" instruction that the defense theory was that Ledezma-Ortiz did not act knowingly, the jury was adequately instructed concerning the theory of defense. *United States v. Romero-Avila*, 210 F.3d 1017, 1023 (9th Cir. 2000) ("It is true that the judge did not use [defendant's] precise words in giving these instructions. But '[a] defendant is not

entitled to any particular form of instruction'"). Consequently, Ledezma-Ortiz's claim fails.

6. Ledezma-Ortiz argues that the cumulative impact of trial court errors requires reversal. We reject this contention.

<u>Ineffective Assistance of Counsel</u>

Ledezma-Ortiz claims that defense counsel was ineffective at trial and sentencing, depriving him of the right to a fair trial. "[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). This is because "a [c]hallenge [to effectiveness of counsel] by way of a habeas proceeding is preferable as it permits defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." <u>Id. at 1156</u> <u>(quoting *United States v. Laughlin*, 933 F.2d 786, 788-89 (9th</u> Cir. 1991). Ledezma-Ortiz's ineffective assistance claims require further development of the record. We therefore dismiss Ledezma-Ortiz's ineffective assistance claims, without prejudice to his raising them in a properly filed motion under 28 U.S.C. § 2255. *United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012).

**AFFIRMED.**

16-10343