NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 19-50365 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04834-AJB-1 |
| v. | |
| DONALD STANLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 7, 2021**
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Defendant-Appellant Donald Stanley ("Stanley") appeals his conviction and

sentence for possession of a controlled substance, methamphetamine, with intent to

distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court did not abuse its discretion under Federal Rules of Evidence 404 and 403 by admitting electronic messages sent and received by Stanley in which he conducted drug transactions, including selling methamphetamine from his residence, in the months preceding his July 2018 arrest. *United States v. Vo*, 413 F.3d 1010, 1017 n.4 (9th Cir. 2005). The government introduced evidence of Stanley's prior methamphetamine sales because it was probative of his knowledge of drug distribution and intent to distribute the methamphetamine, both of which are permissible reasons for admitting evidence of prior drug transactions under Federal Rule of Evidence 404(b). *See id.* at 1018 ("We have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982)). Not only were the electronic messages relevant to a "material point" and element of the charged offense—Stanley's intent to distribute methamphetamine—but the drug transactions described in the messages were "similar to the offense charged," and "not too remote in time." *Id.* (citation omitted).

We also reject Stanley's assertion that the district court inadequately applied Federal Rule of Evidence 403 before admitting the electronic messages, "as it

2

appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission." *United States v. Verduzco*, 373 F.3d 1022, 1029 n.2 (9th Cir. 2004) (quoting *United States v. Sangrey*, 586 F.2d 1312, 1315 (1978)). When ruling on the motion in limine regarding the 404(b) evidence, the district court stated that it would give a limiting instruction tracking the language of Rule 404(b) to explain the limited purposes for which the jury could consider the evidence, and then gave such instructions to the jury both when the messages were introduced and before closing arguments. We have consistently rejected arguments that Rule 403 precludes admission of bad acts evidence "where, as here, the evidence was probative of intent and the district court properly instructed the jury as to the limited purpose for which the evidence was being admitted." *United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994). And even if the district court erred in admitting the evidence of Stanley's other drug transactions, which we do not conclude here, any error was harmless given the overwhelming evidence of Stanley's guilt, including his admissions during a phone call from jail just hours after the arrest referring to "my backpack" and "the stuff" within it.

2.     The district court did not abuse its discretion by declining to give the adverse-inference instruction that Stanley requested based on the officers' alleged failure to preserve evidence from the backpack and bedroom. *United States v.*

3

*Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013).  This case does not involve "evidence [that] was lost or destroyed while in [the government's] custody," *id.* at 1173 (citation omitted), but, rather, evidence from the backpack and Stanley's room that he characterizes as "lost or destroyed" because police failed to seize it. But police do not have an "undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

In any event, there is no indication "that the evidence was destroyed in bad faith" or that Stanley "was prejudiced by its destruction." *United States v. Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012) (citations omitted).  Police seized only those items that they thought had evidentiary value, and collected video evidence with their body cameras of everything they observed in the backpack and in the room.  Moreover, "the probable effect on the jury from the absence of the [evidence] was not significantly prejudicial because [Stanley]'s counsel was permitted, and did, argue before the jury that [the government] failed to preserve the [evidence]." *United States v. Robertson*, 895 F.3d 1206, 1214 (9th Cir. 2018).

**3.**     The district court did not commit reversible error in instructing the jury that it need not find that Stanley knew the type or quantity of drug he possessed.  To obtain a particular sentence under 21 U.S.C. § 841(b)(1)(A) for a violation of 21 U.S.C. § 841(a), "the government must prove beyond a reasonable

4

doubt the specific type and the quantity of substance involved in the offense, *but not the defendant's knowledge of (or intent) with respect to that type and quantity*." *United States v. Collazo*, 984 F.3d 1308, 1329 (9th Cir. 2021) (en banc) (emphasis added). *Collazo* forecloses Stanley's argument that the jury instructions improperly led to the imposition of an enhanced sentence under 21 U.S.C. § 841(b)(1)(A).

4.    The district court adequately addressed Stanley's objection that the Presentence Report ("PSR") failed to make adequate findings regarding whether violence was used in connection with the offense for purposes of a sentencing enhancement under U.S.S.G. § 2D1.1(b)(2) and his ineligibility for safety-valve relief under U.S.S.G. § 5C1.2 pursuant to 18 U.S.C. § 3553(f). Regardless of whether Stanley's objection to the PSR constituted more than a "conclusory denial[] of the [PSR's] ultimate finding," to which Federal Rule of Criminal Procedure 32 does not apply, *United States v. Carter*, 219 F.3d 863, 867 (9th Cir. 2000); *see United States v. Petri*, 731 F.3d 833, 841 (9th Cir. 2013), the district court met its obligation under Rule 32 to "rule on the dispute," Fed. R. Crim. P. 32(i)(3)(B). At sentencing, the district court gave Stanley and the government the opportunity to be heard concerning Stanley's use of violence in connection with the offense before concluding that "the government's evidence overwhelms here; that violence was, indeed, involved." As a result, the district court applied the

5

enhancement under U.S.S.G. § 2D1.1(b)(2) and found "that safety valve . . . would not apply."

**5.** For the reasons above, reversal is also not warranted for cumulative error. *Cf. United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

**AFFIRMED.**